# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| TOM ARBINO, <br>     Plaintiff <br><br> vs <br><br> UNITED STATES MARSHAL <br> SERVICE, et al., <br>     Defendants | Case No. 1:12-cv-318 <br><br> Weber, J. <br> Bowman, M.J. <br><br> **REPORT AND** <br> **RECOMMENDATION** |

Plaintiff, who is proceeding *pro se*, filed a civil complaint on April 23, 2012 without paying the filing fee or submitting an *in forma pauperis* application. (Doc. 1). On May 2, 2012, the Court issued a Deficiency Order requiring plaintiff to pay the full filing fee of $350 or submit an application and affidavit for leave to proceed *in forma pauperis* within thirty (30) days of the date of the order. (Doc. 6). Plaintiff was also ordered for service purposes to submit a summons form and United States Marshal form for each defendant named in the lawsuit, as well as two additional copies of the complaint, within the requisite thirty-day period. (*Id.*). Because plaintiff had not provided an address, the Court further directed the Clerk of Court to send a copy of the order to plaintiff's last known address, which had been provided in another pending civil action initiated by plaintiff in this federal judicial district. (*Id.*).

It appears from the docket record that the May 2, 2012 Deficiency Order sent to plaintiff at his last known address was returned on May 21, 2012 as "unclaimed/unable to forward." On June 12, 2012, the undersigned issued a second Order. (Doc. 17). Because plaintiff had indicated in one of his numerous motions filed in the case that he never received the Deficiency Order (*see* Doc. 12), the Court construed the motion as including a request for reissuance of the May 2, 2012 Deficiency Order, which was granted. (Doc. 17). The Clerk of Court was directed to reissue the May 2, 2012 Deficiency Order, wherein plaintiff was again ordered "to comply

with the Deficiency Order within **thirty (30) days**." (*Id.*, p. 2) (emphasis in original). Plaintiff was also warned that failure to comply with the Order would result in the dismissal of the case. (*Id.*). The Court's docket record reflects an entry on June 25, 2012 of acknowledgment of service of the June 12, 2012 order having been executed on plaintiff.

To date, well over thirty (30) days after the Deficiency Order was reissued providing plaintiff with additional time to comply with filing requirements, plaintiff has failed to comply with that order and has neither paid the filing fee nor submitted an *in forma pauperis* application necessary to commence this action. District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, dismissal is appropriate.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's case be **DISMISSED** with prejudice for lack of prosecution.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

/s/ *Stephanie K. Bowman*
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TOM ARBINO,
    Plaintiff

vs

UNITED STATES MARSHAL
SERVICE, et al.,
    Defendants.

Case No. 1:12-cv-318

Weber, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc