UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOM ARBINO,	Case No. 1:12-cv-318

    Plaintiff,	Barrett, J.
                        Bowman, M.J.

    v.

U.S. MARSHALL SERVICE, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

**I. Background**

Proceeding *pro se*, Plaintiff filed his complaint in this case on April 23, 2012. (Doc. 1). Because Plaintiff failed to pay the requisite filing fee or file an application to proceed *in forma pauperis*, and also failed to include the requisite copies of his complaint, U.S. Marshal forms, summons forms, or his residential address, the Court issued a Deficiency Order on May 2, 2012. (Doc. 6). The Court served Plaintiff with the Deficiency Order a second time on June 12, 2012. (Doc. 17). When Plaintiff persisted in failing to comply with the Deficiency Order, the Court dismissed his complaint, with prejudice, for lack of prosecution. (Doc. 19, 21). The dismissal contained a certification that an appeal would not be taken in good faith. (*Id.*).

Plaintiff filed a Notice of Appeal on August 27, 2012. (Doc. 24). In addition to his Notice of Appeal, Plaintiff has filed a total of 21 separate motions. One of those motions seeks leave to proceed *in forma pauperis* on appeal (Doc. 26). The remaining twenty motions seek a variety of relief, none of which is cognizable at this stage of the

proceedings.

## II. Analysis

Although this case was originally referred to the undersigned magistrate judge for disposition or a report and recommendation on all pretrial matters, the authority of a magistrate judge to rule on post-trial matters is somewhat more constrained. *See generally* 28 U.S.C. §636(b)(1)(A)(permitting the designation of a magistrate judge for "pretrial" matters). For that reason, the undersigned issues this Report and Recommendation for review by the presiding district judge, rather than ruling on the pending motions by Order. 28 U.S.C. § 636(b)(1)(B); *see also Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

### A. Motion for Leave to Appeal *In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *See also* Fed. R. App. P. 24(a). Good faith in this context is demonstrated when the party seeks appellate review of an issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous where the appeal lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As reflected in the Court's last order, plaintiff's application to proceed *in forma pauperis* should be denied, because an appeal could not be taken in good faith.

Pursuant to Fed. R. App. P. 24(a)(4), plaintiff may file, within thirty (30) days after service of this Order, a motion with the Sixth Circuit Court of Appeals for leave to proceed as a pauper on appeal. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997).

Plaintiff's motion must include a copy of the affidavit filed in the District Court and this Court's statement as to the reasons for denying pauper status on appeal. *Id*.; *see* Fed. R. App. P. 24(a)(5).

Plaintiff is notified that if he does not file a motion within thirty (30) days of receiving notice of the District Court's decision as required by Fed. R. App. P. 24(a)(5), or fails to pay the required filing fee of $455.00 within this same time period, the appeal will be dismissed for want of prosecution. *Callihan*, 178 F.3d at 804. Once dismissed for want of prosecution, the appeal will not be reinstated, even if the filing fee or motion for pauper status is subsequently tendered, unless plaintiff can demonstrate that he did not receive notice of the District Court's decision within the time period prescribed for by Fed. R. App. P. 24(a)(5).

### B.  Motions Simultaneously Filed In *Arbino v. Microsoft*, 1:12-cv-566

In reviewing the motions filed by Plaintiff in this case, the undersigned discovered that two of the same motions also were filed on the same day by the same Plaintiff in *Arbino v. Microsoft*, Case No. 12-cv-566, a case previously dismissed *sua sponte* by Chief District Judge Susan J. Dlott, as "delusional" and for failure to state a claim. Although Judge Dlott will rule on the motions in the case assigned to her, the analysis of those two motions is likely to be similar, if not identical, in both cases. However, both motions also could be summarily denied, as discussed in Section C of this Report and Recommendation, on grounds that this Court lacks jurisdiction to review motions filed after dismissal and entry of judgment.

### 1. Motion to Halt Collection (Doc. 35)

The first of the motions filed in both cases is a motion to "halt collection," which apparently seeks a stay of proceedings "halting the collection efforts of defendants," pending further review of Plaintiff's claims. The sole named Defendants in this case are the U.S. Marshall [sic] Service and the Cincinnati Police, but the "collection efforts" to which Plaintiff refers are unclear. Plaintiff's motion should be denied for multiple reasons, including the lack of jurisdiction of this Court and the inability of the Court to determine any cognizable relief sought by the motion.

### 2. Motion to Change Venue (Doc. 46)

Plaintiff's motion to change venue likewise should be denied. Plaintiff complains that all of his cases have been dismissed without adequate review by U.S. District Court Judge Herman J. Weber.[1] He also complains about his lack of success on appeal before the United States Court of Appeals for the Sixth Circuit. Plaintiff seeks transfer of this case to a court in California. Setting aside the myriad reasons for plaintiff's lack of success, this Court finds no authority on which to base a transfer of venue to a California court.

### C. Remaining Motions Filed Exclusively In This Case

In addition to the three motions discussed above, Plaintiff has filed eighteen additional motions in the above-captioned case, generally seeking various types of injunctive relief, including various types of restraining orders (Docs. 28, 29, 30), orders for protection and to prevent Plaintiff's incarceration and/or involuntary commitment to a psychiatric facility (Docs. 31, 32), motions seeking various types of court orders (Docs. 27,

---

[1] Court records reflect that Plaintiff's cases have been dismissed not only by Judge Weber, but by United States District Judges Dlott, Barrett, Spiegel, and Frost. *See, e.g.,* 1:12-cv-318, 1:12-cv-203; 1:12-cv-566; 1:11-cv-499; 1:11-cv-373; 2:12-cv-705.

33, 34, 38, 39, 40, 42, 43, 44, 45), and motions seeking federal investigations (Docs. 36, 37, 41). Suffice it to say that, given the prior dismissal of this action, this Court generally lacks jurisdiction over any of the motions recently filed by Plaintiff. All of Plaintiff's motions are procedurally improper, are unsupported by any reasonable grounds in fact or in law, and should be denied. Given the devotion of scarce Court resources required to review and address so many motions, and Plaintiff's apparent inability to comprehend the nature of the dismissal of his case, Plaintiff should be restricted from filing further frivolous motions. Should Plaintiff prevail in his appeal, jurisdiction will return to this Court and he may be permitted to file new (non-frivolous) motions. Unless and until that event occurs, however, the Clerk should be instructed to return any additional documents improperly filed in this case.

### III. Conclusion and Recommendation

1. For the reasons discussed herein, plaintiff's motion to proceed *in forma pauperis* on appeal (Doc. 26) should be **DENIED**;

2. Plaintiff's motions to halt collection, and to change venue (Docs. 35, 46) should likewise be **DENIED**;

3. Plaintiff's remaining motions (Docs. 27-34, 36-45) all should be **DENIED**;

4. The District Court should prospectively enter an order preventing any further motions or pleadings from being filed by either party in this particular civil case. Any further pleadings or motions tendered by Plaintiff for filing in the within action should be returned to Plaintiff by the Clerk of Court with the following Notice: "No further documents can be filed in this closed case, per order of the district court."

           *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TOM ARBINO, | Case No. 1:12-cv-318 |
| Plaintiff, | Barrett, J.<br>Bowman, M.J. |
| v. | |
| U.S. MARSHALL SERVICE, et al., | |
| Defendants. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).